In decisions Nos. 1–96 the court is as follows: Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of Edward V. Clark et al., Individually and as Trustees of Roseton Common School District No. 5 of the Town of Newburgh, et al., Respondents, v. James E. Allen, Jr., As Commissioner of Education of the State of New York, Appellant.— Order unanimously affirmed, without costs. The issue of prior adjudication can be raised by answer.

■ In the Matter of the Claim of Luciano Tumbiolo, Appellant, v. Salvatore Amondres Construction Company et al., Respondents. Workmen's Compensation Board, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board which held that claimant had no causally related disability subsequent to July 12, 1954. Claimant had been employed as a presser for many years, and was also employed as a bricklayer on a seasonal basis. In the latter employment he sustained accidental injuries on June 9, 1953. Awards were made and compensation was paid from the date of the accident until July 12, 1954. Claimant had returned to work as a presser prior to that date, but claimed that he could not resume work as a bricklayer because of dizziness when working at heights. Claimant had sustained two prior nonindustrial accidents, one on January 26, 1952 and one on September 22, 1952. The record presents an open factual question as to whether claimant was suffering from any disability subsequent to July 12, 1954, and, if he was suffering from any disability, whether it was occasioned by the prior nonindustrial accidents or by the accident suffered in his employment. The question of claimant's disability subsequent to July 12, 1954 was sharply litigated, and claimant's credibility vigorously attacked. The record contains substantial evidence, both lay and medical, to support the board's finding that claimant had no causally related disability subsequent to July 12, 1954. Decision unanimously affirmed, without costs.

■ In the Matter of the Claim of Elva H. Everle, Appellant. Isador Lubin, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which denied her claim for benefits. The claimant had worked from 1943 through June, 1957 in New York City doing such office work as filing, switchboard, receptionist and bookkeeping. The claimant is married and shortly after she left her job in June, 1957 she moved with her family to West Haverstraw, New York, where they had bought a home. On August 5 she filed a claim for unemployment benefits. The claimant made applications to the places where she might find employment in Haverstraw, about five, but found no job. She refused to return to work in New York City. She would not look for a job in Nyack or Spring Valley as suggested to her because of transportation difficulties, i.e., she did not drive, did not care for car pools and the bus schedules were not to her liking. The claimant cannot type and would not consider other than general office work. It was determined that the claimant was not available for employment in view of the limitations she had imposed. She requested a hearing which was held and after which the Referee reversed the initial determination and found her eligible for benefits. On review the board reversed holding that the claimant was unavailable for employment based on her failure to make reasonable efforts to obtain employment. The claimant contends that the record does not support the finding that she was unavailable for work. The question

of availability for employment is one of fact and it seems that there is substantial evidence to support the board's determination here. The claimant moved to an area in which the chances of finding work in her specific occupation were small and further she refused to look for a job outside of the immediate area into which she moved. Her refusal to look for a car pool or to work out bus transportation to nearby areas where work was available would seem to be such evidence as to permit the board to make a finding of unavailability. In *Matter of Posselt (Lubin)* (3 A D 2d 881) the claimant was unable to continue to provide herself with transportation to work and benefits were denied and again in *Matter of Langer (Catherwood)* (11 A D 2d 560) the claimant did not arrange for transportation to nearby communities and the denial of benefits was upheld. Decision unanimously affirmed, without costs.